# DIVORCE AND ALIMONY.

[Hamilton (1st) Court of Appeals, January 10, 1914.]

LUCILE LAWSON BAKER v. THORNE BAKER.

**1. In Appellate Court All Issues of Fact Reopened to Determine Proper Alimony.**

On appeal from a decree granting alimony, notwithstanding a divorce is also granted and cannot be disturbed, all the issues of fact upon which the rights of parties with respect to alimony depend, are reopened for determination of the question of proper alimony.

Baker v. Baker.

**2. Alimony in Gross Rather than Continuous Allowance Preferable in Case Lives of Parties Diverge.**

> A gross' sum of alimony, rather than an allowance in the form of a continuing order, payable monthly, is to be preferred in a case where the lives of the parties divorced, there being no children, will diverge, especially since under Sec. 11991, the wife cannot be divested of her inchoate right of dower in property owned by her husband during coverture.

APPEAL from common pleas court.

*Harmon, Colston, Goldsmith & Hoadly*, for plaintiff.
*John C. Healy*, for defendant.

## PER CURIAM.

Under the rule laid down in *Cox* v. *Cox*, 19 Ohio St. 502 [2 Am. Dec. 415], on an appeal from a decree for alimony to this court all the issues of fact upon which the rights of the parties depend with respect to alimony are reopened for trial, notwithstanding a divorce was granted in the court below. This divorce is unaffected by the appeal, and this court has no power to review or disturb that part of the decree which relates to the divorce, although the correctness of the decree made by the lower court may well be doubted from a review of the evidence before us. That decree is now a finality and so fixes the status of the parties as they now appear before us that it becomes an element of consideration in determining the question of alimony.

The court has carefully considered all of the evidence submitted to us, which comprises all of the evidence taken in the court below and some further evidence submitted in relation to the property of the respective parties. After full consideration the conclusion is reached that plaintiff is entitled to a judgment against defendant, for permanent alimony in the sum of $7,500, this sum to be made payable, without interest, in installments, extending over a period not to exceed four years—the time and amount of such installments to be agreed upon by the parties before the entry of decree, and upon failure of such agreement to be fixed by the court.

In a case of this kind, there being no children, and the probabilities being that the lives of the parties will hereafter diverge, we see no reason for making an allowance of alimony in the form

of a continuing order payable in monthly installments, and believe that the payment of a fixed amount within a short time is more in compliance with the provisions of law and will better serve the welfare of both parties. And in fixing the amount named we have in mind that under the provisions of Sec. 11991 G. C. as construed by the Supreme Court in *DeWitt* v. *DeWitt*, 67 Ohio St. 340 [66 N. E. Rep. 136], the court is without power in this case to divest the wife of her inchoate dower in the real estate owned by the husband during the coverture. A counsel fee of $500 was allowed plaintiff in the court below, and if this amount has not been paid by the defendant, the decree in this court. should provide for its, payment.